UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

AMBER LORTZ,

    Plaintiff,

-vs-

EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMBER LORTZ (hereinafter "Plaintiff"), sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and TRANS UNION, LLC ("Trans Union") (collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681, *et seq*.

## JURISDICTION

1.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

1

3. Venue is proper in this district as Plaintiff is a natural person and a resident of Lee County, Florida; the violations described in this complaint occurred in this district; and the Defendants transact business within this district.

## PARTIES

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

5. Experian is a foreign profit corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626, and whose registered agent in the State of Florida is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

6. Trans Union is a foreign limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661, and whose registered agent in the State of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

7. Experian and Trans Union are "consumer reporting agencies," as defined by 15 USC § 1681(f), as they are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Defendants disseminated, disbursed, and/or published consumer reports concerning Plaintiff to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Plaintiff took out a consumer loan with Strike Acceptance, Inc. (Account No.: 1622xxxx) for the purchase of a motorcycle (the "Strike Account"). Plaintiff made timely payments throughout the life of the Strike Account and the consumer loan was fully satisfied on or about August 17, 2022.

10. Despite satisfaction of the consumer loan, Experian and Trans Union reported the Strike Account as open with a balance of approximately $4,414.00. Such reporting negatively affected Plaintiff's debt-to-income ratio.

11. Starting in or around October of 2022, in response to the inaccurate reporting, Plaintiff began to make disputes online in an attempt to have the Strike Account corrected on her credit reports. However, the inaccurate reporting of the Strike Account remained on her credit reports.

12. On or about April 5, 2023, Plaintiff mailed detailed written dispute letters (the "April Letters") to Experian and Trans Union. In the April Letters, Plaintiff explained that the Strike Account was closed with a zero balance and should be reflected as such. To confirm her identity, a copy of Plaintiff's driver's license was included. Further, Plaintiff provided images from correspondence illustrating that the Strike Account was "Paid in Full."

13. Subsequent to the April Letters, Plaintiff received responses from Experian and Trans Union indicating that the Strike Account was "verified" and/or would remain as reported on her credit reports.

14. Plaintiff then obtained a copy of her Experian and Trans Union credit reports, and upon review, the Strike Account was still reported with an open balance.

15. Specifically, Experian reported the Strike Account as 30-days late with a balance of approximately $4,535.00 and Trans Union reported the Strike Account as open with a balance of approximately $4,472.00.

16. Despite providing Experian and Trans Union with all of the relevant information needed to prove the Strike Account was closed with a zero balance, they continued to report the Strike Account incorrectly.

17. Importantly, public records through the Florida Department of Highway Safety and Motor Vehicles were available to Experian and Trans Union indicating that the subject motorcycle (VIN: MH3RH18YXMK006822) had no liens. Despite such public record, Experian and Trans Union refused to accurately report the Strike Account on Plaintiff's credit reports.

18. The inaccurate information concerning the Strike Account on Plaintiff's credit file was published, disseminated, and/or disbursed to third-parties by Experian and Trans Union.

19. As a direct and proximate result of the actions and/or inactions of the Defendants, Plaintiff suffered damage, including without limitation, reduced credit scores, credit denials, financial loss, loss of personal time, stress, anxiety, worry, fear, frustration, nervousness, embarrassment, and humiliation.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### as to Experian

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 above as if fully set forth herein.

21. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning the Plaintiff.

22. As a direct and proximate result of this action and/or inaction by Experian, Plaintiff experienced injury, including without limitation, reduced credit scores, credit denials, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

23. Experian's actions and/or inactions were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 USC § 1681o. Upon information and belief, Experian, as a matter of policy and procedure, does not allow its dispute investigators to contact consumers to clarify or to gather more evidence.

24. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Experian, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of 15 U.S.C. § 1681i
### as to Experian

25. Plaintiff re-alleges and incorporates paragraphs 1 through 19 above as if fully set forth herein.

26. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and/or by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

27. Plaintiff repeatedly provided Experian with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including but not limited to a "Paid in Full" letter concerning the Strike Account. Experian reported the Strike Account as late significantly reducing plaintiff's credit score.

28. As a direct and proximate result of this action and/or inaction by Experian, Plaintiff experienced injury, including without limitation, reduced credit scores, credit denials, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

29. Experian's actions and/or inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

30. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Experian, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT III
## Violations of 15 U.S.C. § 1681e(b)
## as to Trans Union

31. Plaintiff re-alleges and incorporates paragraphs 1 through 19 above as if fully set forth herein.

32. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning the Plaintiff.

33. As a direct and proximate result of this action and/or inaction by Trans Union, Plaintiff experienced injury, including without limitation, reduced

credit scores, credit denials, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

34. Trans Union's actions and/or inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

35. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Trans Union, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i
### as to Trans Union

36. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

37. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

38. Plaintiff repeatedly provided Trans Union with the information it needed to confirm that the payment status should be shown as "closed" with a zero balance, including but not limited to a "Paid in Full" letter concerning the Strike Account.

39. As a direct and proximate result of this action and/or inaction by Trans Union, Plaintiff experienced injury, including without limitation, reduced credit scores, credit denials, loss of personal time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

40. Trans Union's actions and/or inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

41. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Trans Union, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants, jointly and severally, for actual damages, statutory damages, punitive damages, costs, interest, attorney fees, and any other such relief the Court may deem just and proper.

Respectfully submitted,

**/s/ Christopher Legg**
Christopher W. Legg, Esq.
Florida Bar #: 0044460
Phone: 954-962-2333
Chris@theconsumerlawyers.com

**/s/ Octavio Gomez**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers, PLLC
412 E. Madison St., Ste. 916
Tampa, FL 33602
Phone: 813-299-8537
Facsimile: 844-951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*Attorneys for Plaintiff*